**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 16-cv-1250-WJM-NYW

MAKEEN INVESTMENT GROUP, LLC, a Colorado limited liability company;
AKEEM MAKEEN, individually and as a member;
KEVIN JOHNSTON,

    Plaintiffs,

v.

WOODSTREAM FALLS CONDOMINIUM ASSOCIATION, INC., a Colorado non-profit corporation;
HUNTER LAW, LLC;
CHARLENE HUNTER, individually and in her official capacity as agent;
LAW OFFICE OF HORACE A. LOWE;
HORACE A. LOWE, individually and in his official capacity as agent,

    Defendants.

---

**ORDER ADOPTING JULY 2, 2018 RECOMMENDATION OF MAGISTRATE JUDGE
AND ADMINISTRATIVELY CLOSING CASE**

---

This matter is before the Court on United States Magistrate Judge Mark L. Carman's Recommendation dated July 2, 2018 ("Recommendation"), which recommended administratively closing the case pending the conclusion of the appellate process in the related state court matter initially filed in the Denver District Court ("State Court Action"). (ECF No. 227.) The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Plaintiffs Akeem Makeen and the Makeen Investment Group, LLC (together, "Plaintiffs"), filed a timely Objection to the Recommendation ("Objection"). (ECF No. 228.) Plaintiffs' Fifth Motion for Leave to Amend Complaint (ECF No. 198) and Judge Carman's recommendation to

deny amendment (ECF No. 224) are also pending before the Court. For the reasons set forth below, Plaintiffs' Objection is overruled, the Recommendation is adopted, Plaintiffs' Fifth Motion for Leave to Amend is denied as moot, and the case shall be administratively stayed.

## I. STANDARD OF REVIEW

When a magistrate judge issues a recommended outcome on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) ("De novo review is statutorily and constitutionally required when written objections to a magistrate's report are timely filed with the district court."). In the absence of a timely and specific objection, "the district court may review a magistrate . . . [judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)). "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) Advisory Comm. Note.

An objection to a recommendation is properly made if it is timely and specific. *United States v. One Parcel of Real Property Known as 2121 East 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996). An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id.* (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)). "A general

2

objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review." *Strepka v. Sailors*, 494 F. Supp. 2d 1209, 1230 (D. Colo. 2007). In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions." *2121 East 30th St.*, 73 F.3d at 1059.

## II. FACTUAL & PROCEDURAL BACKGROUND

The Court and the parties are familiar with the long history of this case, due to extensive briefing on a variety of issues. The Court will summarize only the most pertinent facts necessary to resolve the instant matter.

The Woodstream Falls Condominium Association, Inc., and related parties (together, "WFCA" or "Defendants") and Plaintiffs were parties to a series of lawsuits in the Denver District Court. (ECF No. 165 at 1.) WFCA prevailed and the parties thereafter entered into a Settlement Agreement. In February 2015, WFCA filed the State Court Action against Akeem Makeen, Kevin Johnston, Debra Weskamp, Makeen Investment Group, LLC, and the Makeen Family Children's Trust ("State Court Defendants") for recovery of past-due assessments and other fees. (*Id.* at 2.) On May 11, 2016, WFCA filed a number of Notices of Lis Pendens ("Notices") in the Denver District Court regarding properties owned by various combinations of the State Court Defendants. In apparent response to these Notices, Mr. Makeen, Mr. Johnston, and the Makeen Investment Group, LLC, initiated the present action in federal court challenging, among other things, the validity of the Notices. (*Id.*; ECF No. 1.)

Plaintiffs were permitted to amend their complaint multiple times, and a motion to further amend the complaint is currently pending before the Court. (ECF Nos. 18, 57,

74, 146, 164, 197, 198.)

In light of the potential relationship to the State Court Action, (now retired) United States Magistrate Judge Craig B. Shaffer asked the parties to submit briefs addressing the applicability of the *Colorado River* abstention doctrine. *See Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976). Thereafter, Judge Shaffer recommended that the cases were "parallel," the *Colorado River* doctrine should apply, and the case should be administratively closed pending an outcome in the State Court Action. (ECF No. 165.) Plaintiffs filed an objection to that recommendation (ECF No. 169). Before this Court ruled on Judge Shaffer's recommendation and the objection, Judge Buchanan of the Denver District Court entered judgment in the State Court Action in favor of WFCA. (ECF No. 195-1.) The undersigned concluded that Judge Shaffer's recommendation, the objection, and various related motions were moot. (ECF No. 201.)

Judge Carman thereafter requested status reports from the parties regarding the impact, if any, of the State Court Action on the federal case. (ECF No. 17.) The parties submitted a total of four status reports between March 12, 2018 and April 3, 2018. (ECF Nos. 219, 220, 221, 222.) On May 7, 2018, the State Court Defendants filed a Notice of Appeal of the State Court Action in the Colorado Court of Appeals. On July 2, 2018, Judge Carman recommended the case be administratively closed pending the outcome of the appeal of the State Court Action. (ECF No. 227.) Plaintiffs timely objected. (ECF No. 228.)

## III. ANALYSIS

The Recommendation contains the following findings and conclusions: (1) under Colorado law, a judgment that is still pending on appeal is not final, whether for issue preclusion or claim preclusion; (2) there is not yet a final judgment in the State Court Action for purposes of claim preclusion; (3) "the validity of the Notices is inextricably intertwined with the final resolution of Judge Buchanan's findings of fact, conclusions of law, and his various orders implementing the same"; (4) abstention under the *Colorado River* doctrine is warranted; and (5) the instant action should be administratively closed pending conclusion of the appellate process in the State Court Action. (*See generally* ECF No. 227.)

Plaintiffs' Objection fails to address the findings or conclusions set forth in the Recommendation. At most, Plaintiffs arguably dispute the Recommendation's conclusion that the state and federal actions are parallel (and thus that the *Colorado River* abstention is appropriate). (ECF No. 228 at 4 ("Magistrate Carman held that the claims are inter related [sic] and that they are connected based on the relief granted, this is error[.] Colorado law does not care what the final[ ] outcome is"); *id*. at 9 ("none of the remaining claims are effected [sic] by State claims").) For purposes of the *Colorado River* doctrine, suits are parallel "if substantially the same parties litigate substantially the same issues in different forums." *Fox v. Maulding*, 16 F.3d 1079, 1081 (10th Cir. 1994) (citation omitted). At base, Plaintiffs' claims implicate the same issues as those in the State Court Action. While there are no claims regarding the Notices in the State Court Action, the validity of the Notices and WFCA's filing thereof are directly impacted by the State Court Action's resolution of WFCA's entitlement to a lien on the

5

properties at issue in the Notices. On *de novo* review, the Court concludes that the validity of the Notices are inextricably intertwined with the claims and outcome in the State Court Action, the issues between the parties are substantially the same, and abstention under the *Colorado River* doctrine is warranted. Plaintiffs do not challenge the remainder of Judge Carman's reasoning for recommending abstention or administrative closure.

Plaintiffs' remaining arguments do not constitute specific objections meriting *de novo* review of the Recommendation. *See One Parcel of Real Property*, 73 F.3d at 1059; *Summers*, 927 F.2d at 1167. Instead, the Objection seeks to litigate the merits of Plaintiffs' action, rather than address the issues of whether there is a final state court judgment, whether *Colorado River* abstention should apply, and whether administrative closure pending is warranted under the *Colorado River* doctrine. The Court need not address Plaintiffs' Objections further.

Having reviewed the relevant parts of the record, the Court finds that Judge Carman's reasoning was thorough and sound, and not clearly erroneous or contrary to law. *See Summers*, 927 F.2d at 1167. Thus, Plaintiffs have failed to provide any grounds upon which the Objection can be sustained, and the Recommendation is adopted in full.

### IV. CONCLUSION

In accordance with the foregoing, the Court ORDERS as follows:

1. The July 2, 2018 Recommendation of the Magistrate Judge (ECF No. 227) is ADOPTED in its entirety;

2. Plaintiffs' Objection to the Recommendation (ECF No. 228) is OVERRULED;

3. Plaintiffs' Fifth Motion for Leave to Amend Complaint (ECF No. 198) is DENIED AS MOOT and Judge Carman's corresponding recommendation (ECF No. 224) is VACATED AS MOOT; and

4. This case is ADMINISTRATIVELY CLOSED subject to reopening for good cause including, but not limited to, the final resolution of the State Court Action.

Dated this 19th day of September, 2018.

BY THE COURT:

William J. Martínez
United States District Judge